CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 17 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ALFRED LEE DAY,<br>Petitioner, | Civil Action No. 7:06-cv-00032 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Alfred Lee Day, a federal inmate proceeding <u>pro se</u>, submitted his "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)." Upon review of Day's asserted grounds for relief in the Rule 60(b) motion, the court finds that his motion should be construed as motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255 and dismissed as successive.

Paragraph 8 of § 2255 prohibits this court from considering a second or successive §2255 motion unless the petitioner produces specific certification from the United States Court of Appeals for the Fourth Circuit. A motion under Rule 60(b) to revisit a federal habeas court's denial on the merits of a claim for relief should be dismissed as a successive habeas petition so as to prevent petitioners from using such a motion to circumvent the rule against successive petitions. <u>See</u> <u>Gonzales v. Crosby</u>, 125 S. Ct. 2641, 2649 (2005) (citing <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998)).

Day was convicted in September 1998 of one count of distribution of cocaine. The court sentenced him in January 1999 to 262 months imprisonment, and Day appealed. In September 2000, the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. Day then filed a § 2255 motion, Civil Action No. 7:01-cv-00662, which the court dismissed in November 2002. Day appealed and the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed his appeal in April 2003.

In his Rule 60(b) motion, Day is not claiming that the court committed any specific error in addressing his previous habeas claims, but rather, raises new claims, challenging his criminal sentence under new precedent. Day's current motion makes precisely the type of argument under

1

Rule 60(b) that must be construed and dismissed as a successive § 2255 motion, pursuant to Gonzales. 125 S. Ct. at 2649. The court will not allow Day to circumvent the successive petition bar by styling his new claims as a Rule 60(b) motion. For the reasons stated, the court construes Day's Rule 60(b) motion as a successive § 2255 motion, and as Day fails to present certification from the court of appeals allowing him to file a successive § 2255 motion, the court will summarily dismiss his motion. An appropriate order shall be issued this day.

In any event, Day's current § 2255 motion is untimely filed and does not state any ground upon which he is entitled to relief. Day requests re-sentencing based on the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) and related precedent. Day apparently also believes that his § 2255 motion is timely filed under § 2255 para. 6(3) because he submitted it within one year of the Booker decision. The United States Court of Appeals for the Fourth Circuit has held that Booker does not apply retroactively to cases on collateral review, that is, to any conviction or sentence that became final on direct review before the Booker opinion issued. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). See also United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005) (citing other cases holding Booker not to be retroactive). Day's case became final on or about December 26, 2000, when his opportunity to file a petition for a writ of certiorari expired. United States v. Clay, 537 U.S. 522, 525 (2003). Since Day's conviction became final prior to the decision in Booker, Booker does not apply retroactively to his § 2255 motion for collateral review or provide a basis on which to find his § 2255 motion timely under para. (3). As he did not file the motion within one year of the date on which his conviction became final, Day's § 2255 motion is clearly late under § 2255 para. 6(1).[1]

ENTER: This 17th day of January, 2006.

*James C. Turk*
Senior United States District Judge

---

[1] Day signed and dated his motion on January 10, 2006.

2